UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Richard J. Digiammo,          :
          Plaintiff,          :
                              :
     v.                       :     File No. 2:05-CV-201
                              :
Michelle Houghton,            :
          Defendant.          :

OPINION AND ORDER
(Papers 8 and 10)

Plaintiff Richard Digiammo, proceeding *pro se*, initiated this action in state court alleging that defendant Michelle Houghton is liable for breach of contract and breach of fiduciary duty. The complaint alleges that Houghton, a payroll officer, received a Notice of Levy from the Internal Revenue Service ("IRS"). Pursuant to the Notice, which Digiammo claims was deficient, Houghton withheld Digiammo's wages and delivered the money to the IRS. Digiammo is now suing Houghton for the money that was withheld and $1.00 in punitive damages.

Houghton removed the case to this Court, and Digiammo has filed a motion to remand to the state court (Paper 8). Digiammo has also moved for an enlargement of time in which to respond to Houghton's motion to dismiss (Paper 10). For the reasons set forth below, the motion

to remand is DENIED and the motion for enlargement of time is GRANTED.

## Factual Background

Digiammo, a resident of Massachusetts, filed this action in Vermont state court on June 20, 2005.  The complaint alleges that Houghton[1] is a Payroll Specialist at C & S Wholesale Grocers ("C & S"), and that "at all times relevant to this complaint" Digiammo was receiving "compensation for his labor" from C & S.  (Paper 5 at 2). Digiammo claims that in a letter dated September 3, 2004, Houghton informed him that C & S had received a Notice of Levy from the IRS.  He also contends that the Notice of Levy was deficient, and that Houghton was advised of this fact in a letter from the National Worker's Rights Committee ("NWRC").  Id. at 2-3, Ex. 2.

Despite Digiammo's claim that Houghton had notice of a deficiency, the letter from the NWRC merely suggested to Houghton that it "may be prudent to determine that [the Notice of Levy] is not legally deficient . . . ." Id. at Ex. 2.  The NWRC letter further recommended that

---

[1]  The complaint alleges that Houghton is a resident of Brattleboro, Vermont.

2

Houghton write to the IRS and seek confirmation (1) that
a Notice of Seizure was issued, and (2) that
indemnification under federal law would apply if Digiammo
ever sued either Houghton or C & S.  Digiammo does not
claim that Houghton failed to seek such confirmation, but
does allege that despite the letter from the NWRC,
Houghton "proceeded to turn over monies owing to
Digiammo, anyway, and never responded to Digiammo's
inquiries regarding the unlawful taking."  Id. at 3.

## Discussion

Currently pending before the Court is Digiammo's
motion to remand.  In his supporting memorandum, Digiammo
argues that his complaint consists of only state law
claims, and that although the parties are from different
states, there is no diversity jurisdiction since the
amount in controversy does not exceed $75,000.  Digiammo
further argues that an anticipated federal defense to a
state law cause of action "does not confer original or
removal federal question jurisdiction."  (Paper 9 at 2).

Digiammo primarily relies upon the long-established
"well-pleaded complaint" rule: "whether a case is one
arising under the Constitution or a law or treaty of the

3

United States, in the sense of the jurisdictional
statute, . . . must be determined from what necessarily
appears in the plaintiff's statement of his own claim in
the bill or declaration, unaided by anything alleged in
anticipation of avoidance of defenses which it is thought
the defendant may interpose." Taylor v. Anderson, 234
U.S. 74, 75-76 (1914). Houghton does not dispute that
the presence of a federal law defense generally does not
authorize removal to federal court. She argues, however,
that when a state court complaint omits necessary federal
questions, removal may be appropriate. (Paper 11 at 2,
citing State of Vermont v. Oncor Communications, Inc.,
166 F.R.D. 313, 316 (D. Vt. 1996)). Houghton also argues
that the Internal Revenue Code preempts a plaintiff's
efforts to rely on state law when his claims are governed
by federal tax law. (Paper 11 at 2-4).

The central question in this case is whether
Houghton improperly turned over money to the IRS.
Digiammo claims that this question may be answered under
state law governing contractual and fiduciary duties.
The letter from the NWRC, as well as Houghton's filings,
make clear that Digiammo's complaint includes unstated

but essential federal questions as well.  For example,
Digiammo contends that the Notice of Levy received from
the IRS was deficient.  If the Notice of Levy was not
deficient, Houghton cannot be held liable.  The NWRC's
letter suggests that the sufficiency of the Notice, and
the validity of the IRS's collection activities
generally, depended upon the federal law definition of
"whether a levy has been made."  See 26 U.S.C. § 6332(a),
§ 6502.  Houghton's duty to comply with the Notice of
Levy was also governed by federal law.  See 26 U.S.C. §
6332(c)(1) (failure or refusal to surrender property to
IRS creates personal liability for the amount not
surrendered, plus costs and interest).  Consequently,
Digiammo's complaint necessarily involves analysis of the
Internal Revenue Code and application of the Code to the
facts of this case.

There is also a question of whether Houghton is
immune from liability under the Internal Revenue Code, 26
U.S.C. § 6332(e), which provides that any person who
surrenders property to the IRS "shall be discharged from
any obligation or liability to the delinquent taxpayer .
. . ."  The NWRC's letter suggests that this immunity

does not apply when the levy itself is invalid. Nonetheless, the breadth of this immunity is clearly a question of federal law.  <u>See</u>, <u>e.g.</u>, <u>Schiff v. Simon and Schuster</u>, 780 F.2d 210, 212 (2d Cir. 1985).

The Supreme Court recently stated that there is no "'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims . . . ." <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.</u>, 125 S. Ct. 2363, 2368 (2005) (quoting <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 821 (1988)). The question for courts in such a case is "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." <u>Id.</u>  As discussed above, Digiammo's complaint raises federal issues that are "actually disputed and substantial." <u>Id.</u>  The question, therefore, is whether this case is the sort that can be heard in federal court without disturbing the balance described in <u>Grable</u>.  The <u>Grable</u> decision dictates that removal is appropriate here.

As in this case, <u>Grable</u> involved issues of federal
tax law.  The plaintiff's land had been seized by the IRS
and sold to satisfy a federal tax delinquency.  The
plaintiff sued the buyer in a state court quiet title
action, claiming that notice of the sale was improperly
served by the IRS.  The defendant removed the case to
federal court "because the claim of title depended on the
interpretation of the notice statute in federal tax law."
<u>Id.</u> at 2366.  The removal issue reached the Supreme
Court, which held that "the national interest in
providing a federal forum for federal tax litigation is
sufficiently substantial to support the exercise of
federal question jurisdiction over the disputed issue on
removal . . . ."  <u>Id.</u> at 2365.

> Grable has premised its superior title claim on
> a failure by the IRS to give it adequate notice,
> as defined by federal law.  Whether Grable was
> given notice within the meaning of the federal
> statute is thus an essential element of its
> quiet title claim, and the meaning of the
> federal statute is actually in dispute; it
> appears to be the only legal or factual issue
> contested in the case.  The meaning of the
> federal tax provision is an important issue of
> federal law that sensibly belongs in a federal
> court.  The Government has a strong interest in
> the "prompt and certain collection of delinquent
> taxes," <u>United States v. Rodgers</u>, 461 U.S. 677,
> 709, 103 S. Ct. 2132, 76 L. Ed. 2d 236 (1983),
> and the ability of the IRS to satisfy its claims

7

> from the property of delinquents requires clear
> terms of notice to allow buyers . . . to satisfy
> themselves that the Service has touched the
> bases necessary for good title.  The Government
> thus has a direct interest in the availability
> of a federal forum to vindicate its own
> administrative action, and buyers (as well as
> tax delinquents) may find it valuable to come
> before judges used to federal tax matters.

Id. at 2368.  The Supreme Court also concluded that

because few state quiet title cases would involve

contested questions of federal law, allowing for federal

court jurisdiction in such a case would have "only a

microscopic effect on the federal-state division of

labor."  Id.

    This case is analogous to Grable in that the

validity of the IRS's conduct, and specifically the

validity of its Notice of Levy, is an essential and

disputed question of federal law.  For all of the reasons

stated in Grable, the federal tax law issues presented in

this case make the assertion of federal jurisdiction

appropriate.  Such a result directly comports with the

"commonsense notion that a federal court ought to be able

to hear claims recognized under state law that

nonetheless turn on substantial questions of federal law,

and thus justify resort to the experience, solicitude,

and hope of uniformity that a federal forum offers on federal issues." Id. at 2367.  Moreover, because state court contract and fiduciary duty claims will seldom involve issues of federal tax law, allowing removal in a case such as this is unlikely to upset "the federal-state division of labor." Id. at 2368.  Digiammo's motion to remand is, therefore, DENIED.

Conclusion

For the reasons set forth above, Digiammo's motion to remand (Paper 8) is DENIED.  Digiammo's motion for enlargement of time states that "[i]n the event this court does not remand this case, but retains jurisdiction, then Plaintiff prays that he have fourteen (14) days within which to submit his brief in opposition to said dismissal motion, after an order is entered denying said motion for remand."  This motion (Paper 10) is GRANTED, and Digiammo shall have 14 days from the date of this order to file his opposition to Houghton's pending motion to dismiss.

Dated at Burlington, in the District of Vermont,
this day of November, 2005.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge, United States District Court